UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JEFFREY FRIEDLANDER, | ) | CASE NO. 1:07 CV 2316 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| GERALD T. MCFAUL, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 30, 2007, plaintiff pro se Jeffrey Friedlander filed this action under 42 U.S.C. § 1983 against Cuyahoga County, and Cuyahoga County Sheriff Gerald T. McFaul. In the complaint, plaintiff asserts that he has been denied access to the court. He seeks monetary and injunctive relief.

**Background**

At the time the complaint was filed, Mr. Friedlander was an inmate in the Cuyahoga County Jail. He is now incarcerated in the Marion Correctional Institution. Mr. Friedlander states that Sheriff McFaul removed the law library from the Cuyahoga County Jail. He claims the jail does not provide a place for inmates to make copies or to weigh and mail their own letters and packages. He indicates that inmates are not permitted to charge postage to their commissary accounts. Instead, they are required to use the twenty-five envelopes or stamps they are allotted

per week. He claims the inmates are not permitted to received large manilla envelopes or packages from outside the jail. He states that this rule limits the amount of legal research which can be delivered to an inmate. Finally, Mr. Friedlander contends that inmates are not permitted to forward their legal research to any institution to which they are transferred. He assert that he has been denied access to the courts. He seeks reinstatement of the law library, an award of monetary damages and the removal of Mr. McFaul from office.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

To state a claim for denial of access to the courts, a plaintiff must demonstrate that he suffered actual injury as a result of the defendant's policy. Lewis v. Casey, 518 U.S. 343, 351 (1996). The injury requirement is not satisfied by just any type of frustrated legal claim. Id. A prison official may be held liable for the deprivation of this First Amendment right only to the

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus application, or civil rights action. Id.; Hadix v. Johnson, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration."[2] Id. at 355. Mr. Friedlander fails to allege that he suffered any kind of actual injury. He appears to predicate his claim on the belief that pre-trial detainees may suffer injury if denied access to a law library. That allegation does not state a claim under the First Amendment.

## **Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.


Dated: November 5, 2007              *s/ James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[2] The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355.

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.